# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| VICKY K. BATES,<br>        Plaintiff,<br>  v.<br>MICHAEL J. ASTRUE,<br>        Defendant. | 3:09-CV-00161-LRH-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>February 26, 2010 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal of the commissioner's decision (#9). Defendant opposed and filed a cross-motion for summary judgment (#s 12, 13). For the reasons set forth below, the court recommends that plaintiff's motion for reversal (#9) be granted and that defendant's cross motion for summary judgment (#12) be denied.

## I. ADMINISTRATIVE PROCEEDINGS

On December 3, 2004, plaintiff Vicky K. Bates ("plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act (Administrative Record ("AR") 62-66, 256-58). Five days later, she applied for supplemental security income under Title XVI of the Act. *Id.* Plaintiff alleges disability based on arthritis, wrist pain, nerve damage, and degenerative disc disease (AR 48, 51, 56, 62, 256). Plaintiff's claim was denied initially and on reconsideration (AR 48, 56). On August 26, 2006, a hearing was held before Administrative Law Judge ("ALJ") Mark C. Ramsey, at which plaintiff represented herself (AR 14-24 (opinion); AR 265-311 (transcript)). The ALJ filed a written opinion on March 22, 2007, in which he upheld the denial of plaintiff's claim. Plaintiff requested administrative review, and the Appeals Council denied review on February 10, 2009, making the ALJ's decision final (AR 5-8). Having exhausted all administrative

remedies, plaintiff filed a complaint for judicial review on April 1, 2009 (#1).[1]

## II. BACKGROUND

Plaintiff was born on May 3, 1958, and was forty-eight years old at the time of her hearing (AR 273). Plaintiff has a degree in Business Administration from Truckee Meadows Community College (AR 276), and past relevant employment includes work as a bill collector, receptionist, training manager, billing personnel in a doctor's office, home care assistant for elderly persons, cashier, and office worker (AR 544, 545, 547). Plaintiff alleges that she became disabled on May 26, 2003 (AR 14).

The ALJ found the plaintiff "not disabled" because he found plaintiff able to perform other jobs that exist in significant numbers in the national economy (AR 22-23). Specifically, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.
>
> 2. The claimant has not engaged in substantial gainful employment since May 26, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe combination of impairments: mild C5 and C6-7 degenerative disc disease (DDD), right hand clumsiness with right neck pain, and chronic predominantly myofascial cervical and lumbar syndromes in the setting o [sic] recurrent cervical and lumbar strain (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently, walk/stand six hours, occasionally climb but avoid climbing ladders/ropes/scaffolds, occasionally crawl, cannot reach, handle and finger with the right upper extremity, and avoid concentrated exposure to extreme cold and heat and hazards (these are supported by her mild C5-6 and C6-&

---

[1] Plaintiff retained counsel for the purposes of her appeal (AR 259) and continues to be represented by counsel.

2

|   |     |                                                                                                                                                                                                                                                                                                   |
|---|-----|---|
|   |     | DDD, right hand clumsiness with right neck pain, and chronic predominantly myofascial cervical and lumbar syndrom in the setting of recurrent cervical and lumbar strain), and has no visual, communicative, mental, or other postural, manipulative or environmental limitations. |
|   | 6.  | The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). |
|   | 7.  | The claimant was born on May 3, 1958 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963). |
|   | 8.  | The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964). |
|   | 9.  | Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
|   | 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966). |
|   | 11. | The claimant has not been under a disability, as defined in the Social Security Act, from May 26, 2003, through the date of this decision (20 CFR 416.920(g)). |

(AR 14-24).

### III. STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the

ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Administration defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge considers: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

## IV. ANALYSIS

Plaintiff argues that the ALJ committed legal error by (1) improperly discrediting plaintiff's testimony, and (2) using of the Medical-Vocational Guidelines ("grids") alone to find plaintiff "not disabled" (#9, pp. 5-10). Defendant's position is that the ALJ made specific credibility findings that were supported by the record and that use of the grids is proper where a claimant's impairments are fully described (#12, pp. 4-6).

**A.    ALJ's Discrediting of Plaintiff's Testimony**

An ALJ must evaluate the credibility of a claimant's testimony regarding subjective pain in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ

4

1  must determine whether the claimant has presented objective medical evidence of an underlying
2  impairment which could reasonably be expected to produce the pain or other symptoms alleged."
3  *Id.* at 1036. "If the claimant meets the first test and there is no evidence of malingering, the ALJ can
4  only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear
5  and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)
6  (quoting *Lingenfelter*, 504 F.3d at 1036)). "These findings, properly supported by the record, must
7  be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's
8  testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding
9  pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  "The fact that a
10 claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is
11 not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.
12 2001), *citing Smolen*, 80 F.3d at 1285.  The causal relationship between the objective evidence of
13 medical impairment and the claimant's complaints need only be a "reasonable inference," not a
14 "medically proven phenomenon." *See Smolen*, 80 F.3d at 1282.

15      In this case, plaintiff satisfied the first prong of the ALJ's inquiry by producing evidence of
16 her medical impairments, and the ALJ noted that "the claimant's medically determinable
17 impairments could reasonably be expected to produce the alleged symptoms..." (AR 19). The ALJ
18 found no evidence of malingering.  Next, the ALJ turned to plaintiff's subjective complaints.

19      While the ALJ may have considered relevant factors in his assessment of plaintiff's
20 credibility, such as daily activities, effectiveness of treatment, and objective medical evidence, these
21 factors are discussed individually, and the ALJ provides no summation or analysis as to how he
22 arrived at his conclusion or whether he rejected or accepted individual relevant items of plaintiff's
23 testimony (AR 21-22).  The court is left to speculate as to what aspects of plaintiff's testimony the
24 ALJ discredited and which testimony he accepted as true.

25      Furthermore,  it appears that the ALJ improperly ignored and improperly assessed certain
26 aspects of plaintiff's testimony.  For example, one of the issues is whether plaintiff can sit for
27 extended periods of time in order to perform sedentary work.  Plaintiff testified that she can sit for
28 no more than fifteen minutes (AR 21, 301-02). The ALJ finds that plaintiff can sit for six hours, but

1  he offers no reason as to why he found plaintiff's testimony not credible. In one sentence, he lists
2  plaintiff's daily activities, but the decision contains no reason why plaintiff's daily activities are
3  inconsistent with her inability to remain sedentary for longer than fifteen minutes. The ALJ also
4  noted that there was no evidence of "hospitalization" and no evidence of "treatment at a pain clinic"
5  (AR 22). However, plaintiff testifies to receiving prescription pain medication on three occasions
6  in the emergency room (AR 290, 296-97). The ALJ implicitly rejected this testimony but provides
7  no explanation as to why he discredited plaintiff's testimony.[2]

8  In essence, the ALJ appears to discredit plaintiff's testimony on the sole basis that it is not
9  fully corroborated by the objective medical evidence. Although lack of objective medical evidence
10 may be considered as a factor in plaintiff's credibility, the ALJ cannot reject plaintiff's testimony on
11 the sole basis that it is not fully corroborated in the medical records. *See Moisa v. Barnhart*, 367
12 F.3d 882, 885 (9th Cir. 2004) (holding that ALJ's rejection of pain testimony solely for lack of
13 objective medical evidence corroborating it constituted clear error).

14 Therefore, the court finds that the ALJ committed legal error in discrediting plaintiff's
15 testimony without providing specific, clear, and convincing reasons.

16 **B.    Remand**

17 After finding that the ALJ improperly discredited the testimony of plaintiff, the court must
18 address the remaining question of the correct judicial response. As plaintiff notes, courts have
19 sometimes ruled that improperly discredited testimony is to be "credited as true" on remand.
20 "[W]here the ALJ improperly rejects the claimant's testimony regarding his limitation, and the
21 claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the
22 ALJ to make specific findings regarding that testimony.' Rather that testimony is also credited as a

---

[2] Although the ALJ does not explicitly advance such reasoning in his decision, defendant argues that plaintiff's lack of treatment in a hospital or pain clinic reflects "conservative treatment," a valid basis upon which to reject allegations of disability. (#12, p. 5 (quoting *Parra v. Astrue*, 481 F.3d 742, 750-51)). In *Parra*, the court held that plaintiff's complaints of debilitating pain in his knee were belied by his treatment with over the counter pain medication. In contrast, plaintiff here received prescription pain medication, Vicodin. She testified that her reluctance to continue such medications was based on her fear of addiction. *See Carmickle*, 533 F.3d at 1162 ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such a fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment.").

1  matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (quoting *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)). The *Varney* court adopted the "credit as true" rule from the Eleventh Circuit, where a district court's remand requires the ALJ to accept the claimant's testimony as true. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988); *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

However, *Connet v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003), called into question whether the "credit as true" rule is mandatory in the Ninth Circuit. The *Connett* court limited the application of the rule to those cases that bore factual similarity to *Varney* and *Lester*. In other words, the rule applied for those cases in which a claimant's testimony, if accepted as true, would require the ALJ to find that the claimant is disabled. On the other hand, in cases where issues exist apart from the claimant's testimony, the court "has some flexibility in applying the crediting as true theory." *Connett*, 340 F.3d at 876. As part of the court's flexible approach, courts have considered other factors in determining whether to credit the testimony as true. For example, the age of the claimant and the delay between the ALJ's decision and the ruling of the court have been considered. *See, e.g., Hammock v. Bowen*, 879 F.2d 498 (9th Cir. 1989) (rule applied where claimant was 57 years old at the time of hearing and a three year delay between the ALJ's decision and ruling by the court); *Vasquez v. Astrue*, 572 F.3d 586, 594 (rule applied where claimant was approximately 50 years old at the time of hearing and an eight year delay between the ALJ's decision and ruling of the court); *but see Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996) (no application of the crediting-as-true rule where seven-year delay between first ALJ decision and court decision); *Byrnes v. Shalala*, 60 F.3d 639 (9th Cir. 2005) (three year delay and no crediting as true rule); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003) (four-year delay and no crediting as true rule).

Here, assuming the court credits plaintiff's symptom testimony as true, outstanding issues must be resolved prior to a determination of disability. Plaintiff's complaints of postural limitations constitute non-exertional impairments, which would require the ALJ to consult evidence other than the grids. *See Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989) ("Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other

7

1  evidence."). The court also finds that other factors here do not require application of the credit-as-
2  true rule. Plaintiff is not as advanced in age as the claimants in *Hammock* or *Vasquez*, and the delay
3  of three years does not appear to be extensive.

4  In light of these considerations, the appropriate judicial response is to remand the case and
5  allow the ALJ to further review and investigate plaintiff's symptom testimony. Such a decision also
6  comports with the general rule that it is appropriate for the court to "remand to the agency for
7  additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). For
8  these reasons, the court declines to apply the credit-as-true rule on remand.

9  **C.    ALJ's Use of the Grids**

10  In this case, the ALJ used the grids as a framework, concluding that plaintiff was capable of
11  performing certain jobs. "The grids should be applied only where a claimant's functional limitations
12  fall into a standardized pattern accurately and completely described by the grids." *Tackett v. Apfel*,
13  180 F.3d 1094, 1103 (9th Cir. 1999). However, as the court has already determined, the ALJ did not
14  fully explain his credibility determinations. Therefore, the functional limitations of the plaintiff were
15  not properly assessed. On remand, the ALJ should, if appropriate, reconsider plaintiff's exertional
16  and non-exertional limitations and employ the grids (pursuant to 20 C.F.R. Pt. 404, Subpt. P, App.
17  2), or entertain other evidence as necessary.

18  **V.  CONCLUSION**

19  Based on the foregoing, the court concludes that the ALJ's discrediting of plaintiff's
20  testimony was not supported by clear and convincing reasons and recommends that plaintiff's motion
21  for reversal (#9) be **GRANTED** and defendant's cross motion for summary judgment (#12) be
22  **DENIED**.

23  The parties are advised:

24  1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,
25  the parties may file specific written objections to this report and recommendation within fourteen
26  days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
27  Recommendation" and should be accompanied by points and authorities for consideration by the
28  District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal (#9) be **GRANTED** and defendant's cross-motion for summary judgment (#12) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the District Court **REMAND** the case for further proceedings not inconsistent with this opinion.

**DATED:** February 26, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**