**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VICKY K. BATES, | 3:09-CV-0161-LRH (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| MICHAEL J. ASTRUE, et al., | |
| Defendants. | |

Before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1) (#s 19 & 20). Defendant opposed (#21) and plaintiff replied (#22). Plaintiff seeks fees based upon 20.75 hours of work performed at the hourly rate of $175.06 for a total of $3,592.31.[1]

**I.   Procedural History**

Vicky Bates filed a claim for disability insurance benefits and for supplemental security income in 2004. She alleged disability base on arthritis, wrist pain, nerve damage, and degenerative disc disease. Plaintiff's claim was denied initially and on reconsideration. An administrative law judge ("ALJ") held a hearing on plaintiff's claim in 2006, and plaintiff represented herself. Plaintiff and her husband testified, and her medical records were submitted into evidence. The ALJ found plaintiff was "not disabled" because he found that although plaintiff has a severe impairment, she is able to perform jobs that exist in significant numbers in the national economy.

---

[1] Plaintiff's counsel originally sought attorney's fees for thirty hours of legal services, but defendant correctly pointed out that plaintiff had only billed 20.75 hours, that the hourly rate of $176.05 is only applicable to work performed in 2010 and 2011, and that the work performed in 2009 (14.25 hours of the 20.75 total hours) should be billed at $172.24 (#21). Plaintiff conceded the miscalculation in her reply and agrees that if an award is given, the correct sum is $3,592.31 (#22).

Plaintiff requested administrative review, which the Appeals Council denied in 2009, making the ALJ's decision final. Plaintiff sought judicial review, and in 2010 this court issued a report and recommendation recommending that the District Court grant plaintiff's motion for reversal and deny defendant's cross-motion for summary judgment (#14). The District Court adopted this court's report and recommendation and held that the ALJ's discrediting of plaintiff's testimony was not supported by clear and convincing evidence and remanded the case for further proceedings (#17). Judgment was entered on January 20, 2011, and plaintiff timely filed her application for attorney's fees.

This court noted in its report and recommendation that an ALJ must evaluate the credibility of a claimant's testimony about subjective pain in a two-step analysis and "must first decide whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). If a claimant satisfies the first test and there is no evidence of malingering, the ALJ "can only reject the claimant's testimony about the severity of the symptoms if he gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036.

Plaintiff satisfied the first part of the inquiry by producing evidence of her medical impairments, and the ALJ noted that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms...." (Administrative Record ("AR") 19). The ALJ found no evidence of malingering and then turned to plaintiff's subjective complaints. However, the ALJ provided no analysis as to how he concluded that the plaintiff's testimony was not credible (AR 21-22).

As this court stated, "While the ALJ may have considered relevant factors in his assessment of plaintiff's credibility, such as daily activities, effectiveness of treatment, and objective medical evidence, these factors are discussed individually, and the ALJ provides no summation or analysis as to how he arrived at this conclusion, or whether he rejected or accepted individual relevant items of plaintiff's testimony"(#14). This court further found that the ALJ improperly ignored and improperly assessed certain aspects of plaintiff's testimony and, further, that the ALJ appeared to discredit plaintiff's testimony on the sole basis that it is not fully corroborated by the objective medical evidence, which is

2

improper. *Id.* The court ordered the case remanded to allow the ALJ to further review and investigate plaintiff's symptom testimony. *Id.*

## II.     Discussion and Analysis

The EAJA provides that a prevailing party other than the United States should be awarded attorney's fees and other expenses that party incurs in any civil action by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust . . . directs the court to approve a reasonable fee." 28 U.S.C. § 2412(d)(1). A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565-66 (1988); *United States v. Marolf,* 277 F.3d 1156, 1160 (9th Cir. 2002). The court "must focus on two questions; first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) quoting *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The burden of establishing substantial justification is on the government. *Gutierrez,* 274 F.3d at 1258.

Plaintiff contends that the government was not substantially justified in taking its initial action because the ALJ failed to fully explain his credibility determination. She argues that it also follows that the government was not justified in defending the ALJ's incorrect discrediting of the plaintiff's testimony. In response, the government makes the conclusory statements that the ALJ was substantially justified in finding the plaintiff not credible, and that the Commissioner was substantially justified in defending his position before this court. The government then incorporates by reference its cross-motion for summary judgment (#12) and objection to this court's report and recommendation (#16). The government invites the court to review these documents, which contain the "many arguments" the Commissioner made in this case, as well as citation to case law and the administrative record. The court declines the government's invitation to sift through these papers to discern the government's position, as this was the government's responsibility when it filed its opposition to plaintiff's fee application. Therefore, the government has not met its burden to establish substantial justification in either instance.

Based upon the foregoing, the court finds plaintiff's fee application is granted pursuant to 28 U.S.C. § 2412(d)(1). The court now assesses the reasonableness of plaintiff's fee application.

An EAJA fee award must be reasonable. *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001). To decide whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean,* 496 U.S. 154 (1990); *Hensley v. Eckerhart,* 461 U.S. 424, (1983); *Atkins v. Apfel,* 154 F.3d 986 (9th Cir. 1998). The court has reviewed Mr. Cameron's declaration in support of his motion for attorney's fees, and also notes that Mr. Cameron adjusted his hourly rate, as the government argued he should. The documented time is 20.75 hours, which the court finds reasonable. Mr. Cameron also obtained a positive result for his client. Therefore, the court grants plaintiff's motion for attorney's fees in the adjusted amount of $3,592.31.

**III.    Conclusion**

Based upon the foregoing, and good cause appearing, plaintiff's application for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1) in the amount of $3,592.31 (#19) is **GRANTED.**

IT IS SO ORDERED.

DATED: August 10, 2011.

_____
UNITED STATES MAGISTRATE JUDGE